## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br>        Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> 3SHAPE A/S and 3SHAPE TRIOS A/S <br><br>        Defendants and Counterclaimants. | C.A. No. 6:20-cv-00979-ADA <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Align Technology, Inc. respectfully moves under Federal Rule of Civil Procedure 15(a) for leave to amend its complaint. A copy of the proposed Amended Complaint is attached as Exhibit A and a redlined version of the Amended Complaint, highlighting the changes from the original Complaint, is attached as Exhibit B. Align seeks to add a recently issued patent, U.S. Patent No. 10,945,609, that is in the same family, shares a specification with, and covers the same accused technology as two already-asserted patents. Under the liberal standard for amending pleadings, the Court should grant Align's motion.

### BACKGROUND

This lawsuit concerns methods and systems for selective rescanning, among other technologies related to intraoral scanners. Selective rescanning allows a dentist or other user of an intraoral scanner system to improve the 3D virtual model of a patient's teeth by allowing the user to remove and replace deficient portions of the 3D virtual model. Align filed this lawsuit in October 2020, asserting seven patents. Two asserted patents relate to selective rescanning: U.S. Patent Nos.

10,791,934 and 10,791,936. On March 16, 2021, the Patent Office issued another selective rescanning patent, the '609 patent.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with "the court's leave" and "[t]he court should freely give leave when justice so requires." "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Under the Fifth Circuit's "liberal pleading presumption," "district courts must entertain a presumption in favor of granting parties leave to amend" absent substantial reason. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Accordingly, the Fifth Circuit "has stated that leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009).

Align's motion for leave to amend the complaint should be granted. Align has acted promptly to add the newly issued '609 patent to this case, just days after it issued. And this motion comes more than seven months before the Court's standard deadline for amending the pleadings. Nor would the amendment be prejudicial. The '609 patent is in the same family as the already-asserted '934 and '936 patents, and all three patent cover the same aspects of 3Shape's infringing devices. This case is at an early stage, and Align will serve its preliminary infringement contentions for the '609 patent as soon as the motion is granted to avoid upsetting any court deadlines. And

judicial economy is served by handling three related patents in a single suit. There is no reason why Align should not be permitted to assert the '609 patent in the present litigation.[1]

### A.      Align Did Not Delay

There is no undue delay or dilatory motive behind Align's proposed amendment. The '609 patent issued on March 16, 2021 and Align is seeking to add the patent days later. Align filed the present motion as soon as practicable. *Cf. PayPal, Inc. v. RetailMeNot, Inc.*, 1:20-cv-814-ADA, Text Order (W.D. Tex. Sept. 24, 2020) (allowing amendment to add patents that issued several months earlier).[2]

Further, Align filed this proposed amendment months before the Court's standard deadline for such amendment. Although the Scheduling Order has only set deadlines through claim construction, Dkt. No. 82, the Court's standard schedule governing patent cases sets the pleading amendment deadline for 16 weeks after the *Markman* hearing. Given that the *Markman* is scheduled for August 11, 2021, the pleading amendment deadline would be December 1, and there is no reason to think that the standard post-*Markman* schedule, or something close, will not apply here. A motion for leave to amend is presumptively timely where, like this one, the party submits it on or before the deadline set by the Court. *See FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994); *Intrasco, LLC v. Textron Aviation Inc.*, No. 5:18-CV-379-DAE, 2018 WL 7018009, at *1 (W.D. Tex. Sept. 25, 2018).

---

[1] Align is also willing to withdraw its assertion of patent infringement of the related '934 patent (Count Five of the Amended Complaint) as part of this proposed amendment to the extent that 3Shape agrees to withdraw its DJ counterclaims of non-infringement and invalidity of the '934 patent (Dkt. No. 62, Counts XI and XII of the Amended Counterclaims).

[2] 3Shape itself added a newly issued patent when it filed amended counterclaims in February. *See* Dkt. No. 62 (adding a counterclaim for infringement of U.S. Patent No. 10,905,333). That newly asserted patent was not in the same family as any of 3Shape's previously asserted patents.

**B.**      **Align's Amendment Is Not Prejudicial**

3Shape is not prejudiced by Align's proposed amendment. Procedurally, this case is in its early stages, with the start of fact discovery more than four months away. The parties have done little apart from briefing motions to dismiss and serving preliminary infringement contentions. The parties will not exchange terms for claim construction until May, and claim construction briefing does not begin until June. Dkt. No. 82. Amending the complaint now will not disturb those deadlines.

To ensure that other Court deadlines are not affected, or affected as little as possible, Align will serve its preliminary infringement contentions no later than the day after entry of the amended complaint. And given the significant similarity between the '609 patent and the '934 and '936 patents, 3Shape should not be surprised by Align's preliminary infringement contentions for the '609 patent, which—as with the amended complaint—will accuse the same 3Shape functionalities. 3Shape has had Align's preliminary infringement contentions for the '934 and '936 patents since February 12.

Substantively, 3Shape will also not be prejudiced by the addition of the '609 patent to this case. The '609 patent is a continuation of the asserted '934 and '936 patents, and all three patents cover selective scan erasing functionality. The patents share a specification, inventors, and priority date. As a result, the claim construction issues for the three patents will largely overlap, and any validity challenges should be addressed by the same or similar prior art references.

**C.**      **Align's Amended Complaint Is Not Futile**

Align's proposed amendment is not futile. To determine futility, the Fifth Circuit applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The amended complaint states a claim for the '609 patent upon which relief can be granted. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed.

Cir. 2018) (*Iqbal/Twombly* standard satisfied by complaint that "specifically identified the three accused products" and "alleged that the accused products meet 'each and every element of at least one claim of the [asserted patents], either literally or equivalently'"); *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *4 (W.D. Tex. June 25, 2019). 3Shape did not challenge the adequacy of any allegation in Align's original complaint under Rule 12(b)(6), including for the related '934 and '936 patents. *See* Dkt. No. 28 (answering Align's complaint, contingent on the Court denying its motions to dismiss under 12(b)(7) or to transfer); Dkt. No. 62 (amended answer).

> **D.** **Align's Proposed Amendment Is Not for an Improper Purpose**

Finally, Align's amended complaint is not in bad faith or for an improper purpose. Align simply seeks to assert a newly issued patent that is related to two patents that are already part of the present case. It is sensible to try all three patents together. The '609, '934, and '936 patents are within the same patent family and Align's amended complaint asserts infringement of all three patents by the same 3Shape devices and technology. Align's amendment would ensure that the patent disputes over Align's selective rescanning technology is resolved efficiently as possible.

*   *   *

For these reasons, Align meets the liberal requirements for amending its complaint. Align respectfully requests that the Court grant its motion for leave to amend its complaint to assert the '609 patent.

Dated: March 22, 2021                By: */s/ Faye E. Paul*

Barry K. Shelton (TX Bar No. 24055029)
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

Mark L. Levine (IL Bar No. 6201501)
Faye E. Paul (IL Bar No. 6306719)
Amy R. Gore (IL Bar No. 6329788)
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
Tel: (312) 494-4400
Fax: (312) 494-4440
mark.levine@bartlitbeck.com
faye.paul@bartlitbeck.com
amy.gore@bartlitbeck.com

Joseph C. Smith, Jr. (CO Bar. No. 20994)
John M. Hughes (CO Bar No. 38295)
Jason C. Murray (CO Bar No. 43652)
Meg E. Fasulo (CO Bar No. 51583)
Sundeep K. Addy (CO Bar No. 38745)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, Colorado 80202
Tel: (303) 592-3100
Fax: (303) 592-3140
joseph.smith@bartlitbeck.com
john.hughes@bartlitbeck.com
jason.murray@bartlitbeck.com
meg.fasulo@bartlitbeck.com
rob.addy@bartlitbeck.com

*Attorneys for Plaintiff and Counterclaim Defendant*
ALIGN TECHNOLOGY, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system

_/s/ Faye E. Paul_
Faye E. Paul

**CERTIFICATE OF CONFERENCE**

On March 22, 2021, I, Faye E. Paul, Plaintiff's counsel, conferred via phone with

Defendants' counsel David Shaw regarding the relief sought in this Motion. Because this request

was made on short notice, Defendants' counsel was unable to take a position on the Motion.

Plaintiff will apprise the Court of Defendants' position as soon as possible.

_/s/ Faye E. Paul_
Faye E. Paul