# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | C.A. No. 6:20-cv-00979 |
| 3SHAPE A/S and 3SHAPE TRIOS A/S | **JURY TRIAL DEMANDED** |
| Defendants and Counterclaim-Plaintiffs. | |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| | |
|---|---|
| 1. Sender | The Honorable Judge Alan D Albright, District Judge<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
| 2. Central Authority of the Requested State | Ministry of Justice<br>Procedural Law Division<br>Slotsholmsgade 10<br>1216 Copenahgen K<br>Denmark |

| 3. Person to whom the executed request is to be returned | This Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; such other person(s) that you deem proper; and Plaintiff's representative in Denmark:<br><br>Kenneth Kvistgaard-Aaholm<br>Gorrissen Federspiel<br>Prismet, Silkeborgvej 2<br>8000 Aarhus C, Denmark<br>+45 86 20 75 19<br>kka@gorrissenfederspiel.com |
|---|---|
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | Date: As soon as possible but no later than January 31, 2022.<br><br>Reason for urgency: Pursuant to the Scheduling Order governing *Align Technology, Inc. v. 3Shape A/S et al.*, Case No. 6:20-cv-00979-ADA, fact discovery commenced August 23, 2021. Pursuant to the Court's Standard Order Governing Patent Proceedings and the parties' agreement, fact discovery will be completed by approximately April 15, 2022. Align submits that expedient treatment of this request will allow the parties to arrange a mutually agreeable date for production and depositions and avoid disruption to business or personal obligations. |

In conformity with Article 4 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), Federal Rule of Civil Procedure 28(b), and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. a. Requesting Judicial Authority (Article 3, a) | The Honorable Judge Alan D Albright, District Judge<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
|---|---|
| b. To the competent Authority of (Article 3, b) | Denmark |
| c. Names of the case and any identifying number | Align Technology, Inc. v. 3Shape A/S et al.<br>Case No. 6:20-cv-00979-ADA<br>United States District Court for the Western District of Texas |

| 6. Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b) | |
|---|---|
| a. Plaintiffs | Align Technology, Inc. |
| Representatives | Plaintiff is represented by:<br><br>Barry K. Shelton<br>Shelton Coburn LLP<br>311 RR 620 S, Suite 205<br>Austin, TX 78734<br>Tel: (512) 263-2165<br>Fax: (512) 263-2166<br>bshelton@sheltoncoburn.com<br><br>Faye Paul Teller<br>Bartlit Beck LLP<br>54 West Hubbard St<br>Chicago, IL 60654<br>Tel: (312) 494-4400<br>Fax (312) 494-4440<br>faye.paul@bartlitbeck.com<br><br>Plaintiff has appointed legal counsel in Denmark to pursue and assist with the commission to take evidence. The details of Plaintiff's legal counsel in Denmark is:<br><br>    Kenneth Kvistgaard-Aaholm<br>Gorrissen Federspiel<br>Prismet, Silkeborgvej 2<br>8000 Aarhus C, Denmark<br>+45 86 20 75 19<br>kka@gorrissenfederspiel.com |
| b. Defendants | 3Shape A/S and 3Shape TRIOS A/S |
| Representatives | Defendants are represented by:<br><br>Max Ciccarelli<br>Ciccarelli Law Firm<br>750 N. St. Paul, Suite 200<br>Dallas, TX 75201<br>Tel: (214) 444-8869<br>Max.Ciccarelli@ciccarellilawfirm.com<br><br>Kim Coghill<br>Troutman Pepper Hamilton Sanders LLP<br>2000 K Street, N.W., Suite 600 |

| | |
|---|---|
| | Washington, DC 20006<br>Tel: (202) 220-1200<br>Fax: (202) 220-1465<br>kimberly.coghill@troutman.com |
| c. Other parties | N/A |
| Representatives | N/A |
| 7. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil action alleging patent infringement under the patent laws of the United States, and business tort claims under state and federal laws of the United States. |
| b. Summary of complaint | Discovery sought in this Letter of Request is relevant in Case No. 6:20-cv-00979-ADA:<br><br>In Align's complaint against Defendants, Align alleges that Defendants infringe U.S. Patent No. 9,101,433, U.S. Patent No. 10,728,519, U.S. Patent No. 10,750,151, U.S. Patent No. 10,750,152, U.S. Patent No. 10,945,609, US Patent No. 10,791,936, and U.S. Patent No. 10,709,527 (collectively, "Align Asserted Patents").<br><br>Defendants have counterclaimed alleging that Align infringes U.S. Patent No. 10,097,815, U.S. Patent No. 10,383,711, U.S. Patent 10,905,333, and U.S. Patent No. RE48,221 (collectively, "3Shape Asserted Patents") and has one outstanding claim for fraudulent inducement. |
| c. Summary of defense and counterclaims | In defense against Align's claims of patent infringement of the Align Asserted Patents, Defendants assert, *inter alia*, that they do not infringe any of the claims of the Align Asserted Patents and that the Align Asserted Patents are invalid and/or unenforceable.<br><br>In defense against 3Shape's counterclaims of patent infringement and fraudulent inducement, Align asserts, *inter alia*, that it has not infringed any of the claims of the 3Shape Asserted Patents, the 3Shape Asserted Patents are invalid and/or unenforceable, and that it has not committed fraudulent inducement. |
| d. Other necessary information or documents | Bo Esbech's current address is:<br><br>Tingmosen 6B<br>3500 Værløse<br>Denmark |

| | |
|---|---|
| | Christian Romer Rosberg's current address is:<br><br>Hampeland 14<br>2700 Brønshøj<br>Denmark |
| 8. a. Evidence to be obtained or other judicial act to be performed (Article 3d) | In order to assert its claims that the Align Asserted Patents are infringed, valid, and enforceable; to establish its defenses that the 3Shape Asserted Patents are not infringed and are invalid and not enforceable; and to establish its defenses that it did not commit fraudulent inducement, Plaintiff seeks certain documents and testimony from Bo Esbech and Christian Romer Rosberg.<br><br>In particular, Mr. Esbech and Mr. Rosberg are former 3Shape employees and inventors on the '711 Patent and may have knowledge and information relevant to that patent, the development of 3Shape's infringing products, and the parties' business relationship. |
| b. Purpose of the evidence or judicial act sought | Bo Esbech and Christian Romer Rosberg were employees at 3Shape during the relevant time period and are currently located in Denmark. Mr. Esbech and Mr. Rosberg are inventors on the '711 Patent and participated in the development of 3Shape's infringing 3D scanning technologies. The documents and testimony of Mr. Esbech and Mr. Rosberg are highly relevant because Mr. Esbech and Mr. Rosberg have unique knowledge regarding 3Shape's purported invention of the technologies underlying the '711 Patent and of 3Shape's infringement of the Align Asserted Patents.<br><br>Mr. Esbech's and Mr. Rosberg's testimony and records may also be relevant to Align's defenses to 3Shape's patent infringement and fraudulent inducement counterclaims, as well as Align's damages theories. |
| 9. Identity and address of any person to be examined (Article 3, e) | Bo Esbech<br>Tingmosen 6B<br>3500 Værløse<br>Denmark<br><br>Christian Romer Rosberg<br>Hampeland 14<br>2700 Brønshøj<br>Denmark |
| 10. Questions to be put to the persons to be examined or statement of the subject | *See* Exhibits A1 and A2 |

| | |
|---|---|
| matter about which they are to be examined (Article 3, f) | |
| 11. Documents or other property to be inspected (Article 3, g) | *See* Exhibits A3 and A4 |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that, in accordance with Danish rules, the testimony be given under an obligation to speak the truth or subject the witness to criminal prosecution. |
| 13. Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc) (Article 3, i and 9) | This Court respectfully requests that Bo Esbech and Christian Romer Rosberg be directed to produce the documents identified in attached Exhibits A3 and A4.<br><br>This Court respectfully requests that the Central Authority direct Bo Esbech and Christian Romer Rosberg to appear, either in person, by video conference, or by audio recording, on or before January 31, 2022<br><br>This Court respectfully requests that the attorneys of the Plaintiff be permitted to examine and cross-examine Bo Esbech and Christian Romer Rosberg and that the witnesses be directed to answer such questions, relating to matters outlined in attached Exhibits A1 and A2.<br><br>This Court respectfully requests that the examination be permitted to be conducted in accordance with the Danish rules of taking evidence.<br><br>This Court respectfully requests that the examination be conducted via video conference due to Covid 19-related restrictions and to allow U.S. counsel to join the hearing.<br><br>This Court respectfully requests that the testimony be recorded by audio recording and that Align be permitted to request such audio recordings following the examination.<br><br>This Court respectfully requests that a translator be present to provide simultaneous translation of the examination.<br><br>Costs incurred in relation to the deposition examination (court reporter, video recorder, simultaneous translation) shall be at Plaintiffs' expense. |
| 14. Request for notification of the time and place for the execution of the Request | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witnesses |

| | |
|---|---|
| and identity and address of any person to be notified (Article 7) | from whom evidence is requested a indicated above; and other such person(s) that you deem proper. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Plaintiff believes that Bo Esbech and Christian Romer Rosberg do not benefit from any privilege, and do not endorse the assertion of any such privilege or duty. |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Plaintiff will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

So ORDERED and SIGNED this _____ day of _____, 2021.


_____
The Honorable Alan Albright
United States District Judge

7

**Exhibit A1**

**Topics of Questions to be Put to Bo Esbech**

1.      Conception, design, and development of the technology claimed by U.S. Patent No. 10,383,711 ("the '711 Patent").

2.      Facts and circumstances related to employment at 3Shape, including: the position(s) held, years of employment, educational background, employment history prior to joining 3Shape, and the circumstances surrounding hiring and leaving 3Shape.

3.      Contribution to the subject matter disclosed or claimed in the '711 Patent.

4.      Co-development agreements or other collaboration agreements related to the research and development of the '711 Patent and/or the technology claimed by the '711 Patent.

5.      The prosecution of the '711 Patent or any related patent.

6.      All prior art to the '711 Patent.

7.      Align's alleged infringement of the '711 Patent.

8.      Any examination, analysis, evaluation, use, reverse engineering, or study of any Align product.

9.      Communications and information related to the '711 Patent.

10.     The conception, research, and development of any 3Shape product that is allegedly a commercial embodiment of the '711 Patent.

11.     Validity and enforceability of the '711 Patent.

12.     The conception, research, and development of 3Shape products that involve color scanning and/or rescanning features.

**Exhibit A2**

**Topics of Questions to be Put to Christian Romer Rosberg**

1.      Conception, design, and development of the technology claimed by U.S. Patent No. 10,383,711 ("the '711 Patent").

2.      Facts and circumstances related to employment at 3Shape, including: the position(s) held, years of employment, educational background, employment history prior to joining 3Shape, and the circumstances surrounding hiring and leaving 3Shape.

3.      Contribution to the subject matter disclosed or claimed in the '711 Patent.

4.      Co-development agreements or other collaboration agreements related to the research and development of the '711 Patent and/or the technology claimed by the '711 Patent.

5.      The prosecution of the '711 Patent or any related patent.

6.      All prior art to the '711 Patent.

7.      Align's alleged infringement of the '711 Patent.

8.      Any examination, analysis, evaluation, use, reverse engineering, or study of any Align product.

9.      Communications and information related to the '711 Patent.

10.     The conception, research, and development of any 3Shape product that is allegedly a commercial embodiment of the '711 Patent.

11.     Validity and enforceability of the '711 Patent.

12.     The conception, research, and development of 3Shape products that involve color scanning and/or rescanning features.

**Exhibit A3**

**Categories of Documents of Bo Esbech to be Inspected**

1.      Documents related to the conception, design, and development of the technology claimed by U.S. Patent No. 10,383,711 ("the '711 Patent").

2.      Any co-development agreements or other collaboration agreements related to the research and development of the '711 Patent and/or the technology claimed by the '711 Patent.

3.      Documents related to the prosecution of the '711 Patent or any related patent.

4.      All prior art to the '711 Patent.

5.      Documents related to Align's alleged infringement of the '711 Patent.

6.      Documents related to any examination, analysis, evaluation, use, reverse engineering, or study of any Align product.

7.      Documents related to the conception, research, and development of any 3Shape product that is allegedly a commercial embodiment of the '711 Patent.

8.      Documents related to the validity and enforceability of the '711 Patent.

9.      Documents related to your contribution to the subject matter disclosed or claimed in the '711 Patent.

10.     To the extent not otherwise captured by the above requests, any other documents related to the '711 Patent.

**Exhibit A4**

**Categories of Documents of Bo Esbech to be Inspected**

1.      Documents related to the conception, design, and development of the technology claimed by U.S. Patent No. 10,383,711 ("the '711 Patent").

2.      Any co-development agreements or other collaboration agreements related to the research and development of the '711 Patent and/or the technology claimed by the '711 Patent.

3.      Documents related to the prosecution of the '711 Patent or any related patent.

4.      All prior art to the '711 Patent.

5.      Documents related to Align's alleged infringement of the '711 Patent.

6.      Documents related to any examination, analysis, evaluation, use, reverse engineering, or study of any Align product.

7.      Documents related to the conception, research, and development of any 3Shape product that is allegedly a commercial embodiment of the '711 Patent.

8.      Documents related to the validity and enforceability of the '711 Patent.

9.      Documents related to your contribution to the subject matter disclosed or claimed in the '711 Patent.

10.      To the extent not otherwise captured by the above requests, any other documents related to the '711 Patent.